Hardin, P. J.
Upon a careful reading of the evidence in the case, together with the admissions and concessions made upon the trial, we are of opinion that the weight and strength of evidence indicate that the payment of April 1, 1870, was $400.”
“First. At folio 191, defendant Harper withdraws all objections to indorsements on the mortgage being received in evidence and consents that the indorsements on the mortgage in connection with the mortgage . They are received in evidence.” The body of the language embraced in the indorsement of April 1, 1870, found upon the mortgage stated the payment at $400.”
“ Second. A payment was made April 1,1872, of $168.56, as and for the interest then due. If the payment of April 1, *214 1870, was $400 then the sum of $168.56 was just about the interest then due at the time it was paid, April 1, 1872.”
“ Third. Proferí was made of the indorsements upon the mortgage upon the argument, and apparently the sum written in the instrument of April 1, 1870, was $400.
“Fourth. In the course of the cross-examination of Mr. Harper’, he testified, viz: ‘Ireceived payment of April 1, 1872. I think it was at my house. Barton Angelí paid it. It was $168.56. I had the mortgage and made the indorsement on it. Mr. Angelí brought it to me and said it was for interest. I did not compute interest. I indorsed it because he said it was for one year’s interest. I had not the mortgage with me, I indorsed it when I got home.’ ”
“We think the referee’s finding upon the subject of the payment of April 1, 1870, is against the weight of evidence and the strong probabilities in respect to the sum paid at that date.”
“We are therefore constrained to differ with the referee and to order a modification of the judgment so as to authorize the foreclosure of the mortgage for such sum as is due thereon after auditing the payment of $400, April 1, 1870, instead of $200 as stated in the referee’s report and schedule.” '
“>Second. The defendant Angelí, and the defendant Harper, and the plaintiff, entered into a stipulation that the issues of fact should be referred to a referee ‘ to hear and determíne, and as that stipulation did not purport to bind all the parties named, as defendants, when the referee’s report was made, an application was made at special term, March 22, 1887, for direction in respect to the judgment he-rein, and it was ordered: “ That judgment of foreclosure and sale of said premises be entered in accordance with the forms, rules and practice of this court in such case made and provided * * * and judgment is hereby directed to be entered accordingly.’
“ We do not see that the special term in form or in terms assumed to confirm the report of the referee. Indeed, no such confirmation was necessary in respect to the defending-defendants, who had joined in the stipulation for reference.
“Having found an error in the referee’s report, we do not think the order made at special term stands in the way of reaching the error already pointed out. We, therefore, reach the conclusion that the judgment should be modified so as ¡to direct a foreclosure of the mortgage for the amount stated in the referee’s report after crediting the payment of $400, on the 1st day of April, 1870, instead of $200, as in the said report stated; and,
“ Secondly, That the amount of costs to the defendant, *215 Uri Harper, should be reversed, and the defendant, Uri Harper, disallowed any costs in the action.
“ Third. The taxable costs to plaintiff to date of issue to be paid out of the fund. The judgment should award to ■plaintiff $200, with interest from April 1, 1870, against Harper, with costs of the appeal.
“ The defendant, Angelí, should have costs of this .appeal ■against defendant, Harper. Judgment modified as stated in the opinion. Form of judgment to be settled upon five day’s notice before Mr. Justice Martin.
“ Follett and Martin, JJ., concur.”